# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

HSBC BANK USA NATIONAL
ASSOCIATION,

      Plaintiff,

v.                                       Case No:  5:15-cv-359-Oc-30PRL

DONA BOBROWSKI and
STEVE BOBROWSKI,

      Defendants.

_____/

# ORDER

THIS CAUSE comes before the Court sua sponte upon review of the file. Defendants filed a notice of removal on July 20, 2015, seeking to remove what appears to be a foreclosure complaint filed in the Fifth Judicial Circuit in and for Lake County, Florida.[1]  (Doc. 1).  According to the docket sheet attached to Defendants' notice of removal, the foreclosure action has been litigated through final judgment and the property was scheduled for foreclosure sale on July 21, 2015.  Because there is no jurisdiction over this matter, this action should be remanded.

A civil case filed in state court may be removed to federal court by a defendant if the case could have originally been brought in federal court.  *See* 28 U.S.C. § 1441(a).

---

[1] Defendants did not attach a copy of the complaint or the related state-court records as required by Middle District of Florida Local Rule 4.02(b).

"Removal of state court actions to federal court involves both jurisdictional and procedural considerations." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007). Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Additionally, removal statutes are to be strictly construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Any doubt regarding subject matter jurisdiction in the removal context should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).[2] The removing party bears the burden of establishing that federal jurisdiction exists by a preponderance of the evidence, and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978). A district court also has original jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. However,

---

[2]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

whether a claim arises under federal law is determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (internal quotation marks omitted).

Procedurally, removal is governed by 28 U.S.C. § 1446, which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

§ 1446(b)(1). Section 1446 also provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

§ 1446(b)(3). Finally, if removal jurisdiction is premised upon diversity jurisdiction under § 1332, the case may not be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1).

Defendants' removal of the present action is improper. As an initial matter, Defendants purport to remove a foreclosure complaint filed on July 26, 2012. Defendants' notice of removal filed on July 20, 2015, is therefore untimely. Even if Defendants'

removal were timely, they have failed to establish subject matter jurisdiction pursuant to either § 1331 or § 1332.

First, it is unclear from Defendants' notice of removal whether the requirements of diversity jurisdiction have been met.  They do not allege that the parties are diverse or that the amount in controversy exceeds $75,000.  Thus, they have not met their burden to establish diversity jurisdiction under § 1332.

Second, Defendants' notice of removal does not provide sufficient information from which the Court can determine that federal question jurisdiction exists.  Defendants did not describe the claims asserted by Plaintiff in the state-court action nor attach the state-court complaint to their notice of removal.  A review of the state-court docket attached to the notice of removal reveals that the complaint at least alleges a claim for foreclosure, which is a state-law claim.

Defendants appear to assert federal counterclaims in their notice of removal; however, the assertion of federal counterclaims is insufficient to confer federal question jurisdiction under § 1331.  *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002).  Because Defendants have not established that Plaintiff's well-pleaded complaint presents a federal question, they have failed to establish federal question jurisdiction under § 1331.

Finally, the state-court docket reflects that a final judgment was entered against Defendants.  Under the *Rooker-Feldman* doctrine, the Court cannot sit as an appellate body for state-court decisions.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of*

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Thus, removal of this action is improper as a matter of law.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      This action is REMANDED to state court.

2.      The Clerk is directed to remand this case to the Fifth Judicial Circuit in and for Lake County, Florida, and provide that court a copy of this Order.

3.      All pending motions are denied as moot and the clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of July, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record